WALTER LEWIS v. STATE.
197 So. 120
Division B
Opinion Filed June 25, 1940

*W. P. Chavous,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *William Fisher, Jr.,* for Defendant in Error.

CHAPMAN, J.—On September 25, 1937, Walter Lewis and Fannie Lewis were informed against in two counts in the Circuit Court in and for Levy County, Florida, by the Honorable J. C. Adkins, State attorney. The first count charged Walter Lewis and Fannie Lewis with the larceny of a hog, the property of Fred Boles; and the second count charged them with fraudulently altering and changing the marks of a hog, property of Fred Boles. The defendants below were arraigned and each entered a plea of not guilty to each count of the information, and on the issues joined, the testimony was submitted to a jury, which, after being charged or instructed upon the law of the case by the trial

court, returned a verdict of guilty against the two defendants under the first count of the information.

A motion for a new trial was made and overruled and Walter Lewis was by the trial court sentenced to the State prison for a. period of two years at hard labor and from said judgment an appeal has been perfected to this Court. The record fails to disclose a judgment or sentence in the lower court against Fannie Lewis.

In the motion for a new trial it is contended that the testimony adduced by the State during the progress of the trial was insufficient to sustain a verdict of guilty. The evidence shows that the hog in question was found in the lot of the defendant and the mark freshly altered or changed. The hog alleged to have been stolen ranged the woods surrounding the home of the owner located some 12 miles from the home of the defendant. The hog was fed each night by the owner, but failed to come to the pen around the 28th or 30th of June, 1937, and a search was made. The sheriff and a deputy went with Fred Boles and N. R. Hemphill to the home of the defendant where the hog described in the information was found. The defendant was not at home but his wife, Fannie Lewis, inquired of the deputy sheriff the amount of money necessary to settle the hog question.

The explanation of the possession of the hog was made by Mrs. Fannie Lewis to the effect that the hog alleged to have been stolen, with other hogs raised around her place, came to her lot gate about July 1, 1937, and she turned them in, thinking the hog had been recently marked by Mr. Morgan. Billy Lewis testified that the mark was changed after the hog was placed in the defendant's lot. Walter Lewis did not take the stand or give testimony in the case.

It was shown that the defendants were in the settlement where the stolen hog ranged the woods about the time that

the owner missed the hog with the other hogs. We think there is ample testimony in the record to sustain the verdict of the jury.

It is next contended that it was error to admit into evidence testimony of the finding of the hog in question in the defendant's lot located near his home without first introducing into evidence the search warrant obtained or issued by the County Judge of Levy County. The sheriff and deputy testified that it was not necessary to serve the search warrant, but on reaching the defendant's home advised Mrs. Lewis that he (the sheriff) had a search warrant and wanted to search the premises for an alleged stolen hog, and that Mrs. Lewis replied that a search warrant was not necessary to examine the premises and that they had on the place some hogs and for the sheriff to look in the lot and pen and determine whether or not he was interested in the hogs. This the sheriff did and the hog described in the information, and another, was taken from the pen or lot and claimed as the hog of Boles. Authorities have not been cited by counsel to show that this ruling was reversible error.

The sole question presented by the record is whether or not the State of Florida adduced sufficient testimony to sustain the material allegations of count one of the information. We think it has. There is a presumption in law and equity of the correctness of the ruling of the lower court and the burden of showing error rests on the defendant.

Careful consideration has been given to the entire record and we fail to find error. The judgment appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

THOMAS, J., agrees to judgment.

Chief Justice TERRELL and Justice BUFORD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.